IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., <br> as Broadcast Licensee of the May 3, 2014 <br> Floyd Mayweather, Jr. v. Marcos Rene Maidana <br> WBC Welterweight Championship Fight Program, <br> <br> Plaintiff, <br> <br> v. <br> <br> ELSA H. GUERRERO, individually, and d/b/a <br> LUCKY CITY a/k/a LUCKY CITY AMUSEMENT <br> CENTER, <br> <br> Defendant. | § § § § § § § § § § § § § § § § | Civil Action No. 5:17-cv-00092 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff J&J Sports Productions, Inc. ("Plaintiff") files *Plaintiff's Original Complaint* against Defendant Elsa H. Guerrero, individually, and d/b/a Lucky City a/k/a Lucky City Amusement Center ("Defendant").

PARTIES

1. <u>Plaintiff</u>. J&J Sports Productions, Inc., as Broadcast Licensee of the May 3, 2014 Floyd Mayweather, Jr. v. Marcos Rene Maidana WBC Welterweight Championship Fight Program is a foreign corporation. Plaintiff's business address is 2380 South Bascom Avenue, Suite 200, Campbell, California 95008.

2. <u>Defendant.</u> Elsa H. Guerrero is an individual residing in the State of Texas. On the date of the Event (as defined herein), Defendant:

   A. owned and/or operated the establishment known as Lucky City a/k/a Lucky City Amusement Center, located at 320 W. Village Blvd., Ste. B, Laredo, TX 78041 (the "Establishment");

    B.    had a right and ability to supervise the activities of the Establishment; and

    C.    had an obvious and direct financial interest in the activities of the Establishment.

Defendant may be served by delivering the *Summons* and a copy of *Plaintiff's Original Complaint* to Defendant at 320 W. Village Blvd., Ste. B, Laredo, TX 78041; or at 4805 Samlon Ct., Laredo, TX 78041.

### STATEMENT OF JURISDICTION

3. This action arises under the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 or 605 in Texas.

### VENUE

4. Venue is proper in this District because Defendant resides in this District and a substantial part of the events giving rise to the claim occurred in this District.

### STATEMENT OF THE CLAIM

5. *Authorization to License Event*. Plaintiff is the license company exclusively authorized to sub-license the closed-circuit telecast of the May 3, 2014 Floyd Mayweather, Jr. v. Marcos Rene Maidana WBC Welterweight Championship Fight Program, including undercard or preliminary bouts,[1] (collectively the "Event") at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout Texas.

6. The closed-circuit broadcast of the Event was not intended for the use of the general public. In Texas, the closed-circuit broadcast of the Event could only be exhibited in a commercial establishment, if the establishment was contractually authorized to do so by Plaintiff.

7. Pursuant to its authority to sub-license the Event, Plaintiff marketed and distributed the closed-circuit rights granted to it. Plaintiff, through its agents, contracted with

various establishments throughout Texas and granted such establishments the right to broadcast the Event in exchange for a fee.

8.  <u>Exhibition of the Event</u>.  The transmission of the Event originated via satellite and was electronically coded or "scrambled."  In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

9.  The transmission of the Event was available to Defendant to purchase for broadcast in the Establishment.  Had Defendant chosen to purchase the Event, Defendant would have been authorized to receive, transmit and publish the Event in the Establishment.  Defendant did not, however, contract with Plaintiff or any of its agents, to obtain the rights to broadcast the Event.

10. The establishments which contracted with Plaintiff to broadcast the Event were provided with the electronic decoding capability and/or satellite coordinates necessary to receive the signal of the Event.

11. On May 3, 2014, either by satellite transmission or through unauthorized receipt over a cable system, Defendant willfully intercepted or received the interstate communication of the Event.  In the alternative, Defendant assisted in the receipt of the interstate communication of the Event.  Defendant then transmitted, divulged and published said communication, or assisted in transmitting, divulging and publishing said communication, to patrons within the Establishment.

12. Defendant misappropriated Plaintiff's licensed exhibition of the Event and infringed upon Plaintiff's exclusive rights while avoiding proper payment to Plaintiff.

---

[1] One of the bouts for the Event included the fight between Adrian Broner and Carlos Molina.

Defendant's actions were committed willfully and with the express purpose and intent to secure a commercial advantage and private financial gain.

13. Defendant enabled the patrons within the Establishment to view the Event to which neither Defendant nor the Establishment's patrons were entitled to do.

14. The persons whom Defendant permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by Plaintiff.

15. Defendant was not authorized to intercept, receive or transmit the communication of the Event or to assist in such actions in any form or at any time.

## VIOLATION OF 47 U.S.C. § 553 OR § 605

16. Defendant's wrongful actions in connection with the Event, as described above, violate 47 U.S.C. Section 553, or Section 605.

## DEMAND FOR RELIEF SOUGHT

Plaintiff demands that the Court sign and cause to be entered a judgment in favor of Plaintiff and against Defendant Elsa H. Guerrero, individually, and d/b/a Lucky City a/k/a Lucky City Amusement Center, for:

(a) Statutory damages in an amount up to Ten Thousand Dollars ($10,000.00) pursuant to 47 U.S.C. § 553(c)(3)(A)(ii);

(b) Statutory damages for willfulness in an amount up to Fifty Thousand Dollars ($50,000.00), pursuant to 47 U.S.C. § 553(c)(3)(B);

(c) Statutory damages in an amount up to Ten Thousand Dollars ($10,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);

(d) Statutory damages in an amount up to One Hundred Thousand Dollars ($100,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(ii);

(e) Full costs and expenses of this action, including reasonable attorney's fees, pursuant to 47 U.S.C. §§ 553(c)(2)(C) and 605(e)(3)(B)(iii);

(f) Pre and post-judgment interest at the highest rate permitted by law; and

  (g) Such other and further relief to which Plaintiff is entitled.

        Respectfully submitted,

By: _____
    David M. Diaz
    Attorney-in-charge
    State Bar No. 24012528
    Southern District Bar No. 889588
    ddiaz@kbdtexas.com
    Andrew R. Korn
    Of Counsel
    State Bar No. 11683150
    Southern District Bar No. 13801
    akorn@kbdtexas.com

THE KORN DIAZ FIRM
4221 Avondale Avenue
Dallas, Texas 75219
(214) 521-8800 – Telephone
(214) 521-8821 – Telecopy

ATTORNEYS FOR PLAINTIFF