UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., § § Plaintiff, § VS. § ELSA H. GUERRERO; dba LUCKY § CITY; dba LUCKY CITY AMUSEMENT § CENTER, § § Defendants. § | CIVIL ACTION NO. 5:17-CV-92 |

## ORDER

This is an anti-piracy case arising under the Federal Communications Act of 1934, as amended by the Federal Cable Communications act of 1984, 47 U.S.C. §§ 553 and 605. Plaintiff J & J Sports Productions, Inc. alleges that Defendant Elsa Guerrero, individually and d/b/a Lucky City a/k/a Lucky City Amusement Center, illegally intercepted and displayed its closed-circuit telecast of the May 3, 2014, Floyd Mayweather, Jr. v. Marcos Rene Maidana fight.

On October 2, 2017, Plaintiff filed a Request for Entry of Default and a Motion for Final Default Judgment. (Dkt. Nos. 9, 10). Two days later the Clerk of Court entered default against Defendant because she failed to appear after proper service. (Dkt. No. 11). Since then, Defendant is still absent and has not responded to Plaintiff's Motion for Final Default Judgment.

Plaintiff seeks statutory damages under 47 U.S.C. § 605 in the amount of $10,000, an additional $50,000 for a willful violation of the statute, attorney's fees, costs, and post-judgment interest. For the following reasons, the Court **GRANTS**

Plaintiff's Motion.

I. **LEGAL STANDARD**

Under Fifth Circuit law, there are three steps to obtaining a default judgment: (1) default, (2) entry of default, and (3) default judgment. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). "A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*." *Id.* (citing FED. R. CIV. P. 55(a)) (footnote omitted).

In determining whether a default judgment should be entered against a defendant, courts have developed a two-part analysis. First, courts must consider whether entry of default judgment is appropriate under the circumstances. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Factors relevant to this inquiry include: (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion. *Id.*

Second, courts must assess the merits of the plaintiff's claims and find a sufficient basis in the pleadings for the judgment. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). In doing so, courts accept as true

2

the well-pleaded factual allegations in the complaint. *Id.* However, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*

While a defendant's default concedes the truth of a complaint's factual allegations, a plaintiff must still prove damages. *U.S. for the Use of M–Co Constr. v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Damages are normally not awarded without an evidentiary hearing. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). "That rule, however, is subject to an exception where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Id.* (citations omitted).

## II. ANALYSIS

### A. The Appropriateness of Default Judgment

In this case, the Court finds that the six *Lindsey* factors, outlined above, weigh in favor of granting default judgment. First, Defendant has not filed any responsive pleadings, so no material facts are in dispute. *See Nishimatsu Constr.*, 515 F.2d at 1206 (noting that the "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"). Second, Defendant's "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests." *Ins. Co. of the W. v. H & G Contractors, Inc.,* No. CIV.A. C-10-390, 2011 WL 4738197, at *1 (S.D. Tex. Oct. 5, 2011) (citing *Lindsey*, 161 F.3d at 893). Third, the grounds for default are clearly established, as Defendant has failed to answer or defend. Fourth, there is no evidence before the Court indicating that Defendant's

silence is the result of a good-faith mistake or excusable neglect. Fifth, the harshness of default judgment is mitigated as time passes without an appearance or filing from an opposing party, which in this case has been over eight months. *Cf. J & J Sports Productions, Inc. v. Rivera*, CIV. A. H-13-902, 2014 WL 353347, at * 2 (S.D. Tex. July 14, 2014) (noting that the harshness of default judgment was mitigated where 15 months had passed without the defendant making an appearance of filing in the case). Sixth, the Court is unaware of any facts that would give rise to good cause to set aside the default if challenged by Defendant. Thus, the Court finds that entry of default judgment is appropriate here.

**B. The Basis for Judgment in the Pleadings**

Section 605 of the Communications Act governs the "unauthorized publication or use of communications." 47 U.S.C. § 605(a). "An individual violates section 605 by displaying an intercepted communication." *J & J Sports Prods., Inc. v. Lopez*, No. CIV. A. H-10-1504, 2011 WL 175875, at *1 (S.D. Tex. Jan. 18, 2011). The aggrieved party may elect to receive actual damages or statutory damages "in a sum of not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). The Court may, in its discretion, award additional damages not more than $100,000 if the "violation was committed willfully and for purposes of direct or indirect commercial advantage." *Id.* at § 605(e)(3)(C)(ii). Costs and reasonable attorney's fees are mandatory. *Id.* at § 605(e)(3)(B)(iii).

Here, the complaint establishes that (1) Plaintiff is a license company exclusively authorized to sublicense the boxing-match telecast at commercial

4

locations, and (2) Defendant intercepted that telecast without authorization and displayed it to patrons. (Dkt. No. 1 at 2–4). These facts establish base liability under § 605. Thus, Plaintiff is entitled to an award of statutory damages. The Court finds that an award of $10,000 is appropriate given Plaintiff's projected loss and the need to deter future piracy.

Plaintiff is also entitled to an award of additional damages because the complaint establishes the Defendant violated § 605 willfully and for commercial gain. An award of three to eight times the statutory damages is justified for a willful violation. *See, e.g.*, *J & J Sports Prods., Inc. v. Rivera*, No. CIV. A. H-13-902, 2014 WL 3533472, at *3 (S.D. Tex. July 14, 2014). Here, Defendant showed the boxing match on multiple big-screen televisions and charged a $20 match-pay charge. (Dkt. No. 10-1 at 21). Based on these facts, a multiplier of five is proper, and the Court therefore awards $50,000 in additional damages for Defendant's willful violation.

As the prevailing party, Plaintiff is entitled to an award of its costs, including reasonable attorney's fees. *See* 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff's attorney has submitted an affidavit stating that fees should be based on a one-third contingency fee or, in the alternative, on the lodestar method—that is, hours expended times a reasonable hourly rate. (*Id.* at 29–36). In this case, the Court determines that it is more equitable to award fees based on the lodestar method. The affidavit establishes that Plaintiff's attorneys worked four hours on this case and charged an hourly rate of $250. Since these numbers are reasonable, the Court awards $1,000

in attorney's fees.

III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Final Default Judgment (Dkt. No. 10) is hereby **GRANTED**. A separate Judgment in favor of Plaintiff will be entered in the following amounts:

1. $10,000 in statutory damages
2. $50,000 in enhanced damages
3. $1,000 in reasonable attorney's fees plus costs
4. Post-judgment interest on the above at a rate of 1.76% *per annum*.

It is so **ORDERED**.

**SIGNED** January 11, 2018

_____
Marina Garcia Marmolejo
United States District Judge